1

2

3

4

5

6                                    IN THE UNITED STATES DISTRICT COURT

7                                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10    LOGIC DEVICES, INC.,                                No. C 13-02943 WHA

11                    Plaintiff,

12            v.                                          **ORDER GRANTING MOTION
                                                         TO DISMISS AND VACATING
13    APPLE, INC.,                                        HEARING**

14                    Defendant.

15    _____/

16            In this patent infringement action, defendant's motion to dismiss plaintiff's indirect

17    infringement and willfulness claims is **GRANTED**.  The January 9 hearing is hereby **VACATED**.

18                                           **STATEMENT**

19            On June 26, Logic Devices, Inc. filed a seven-page complaint alleging infringement of

20    U.S. Patent No. 5,524,244 ("the '244 patent"), titled "System for Dividing Processing Tasks into

21    Signal Processor and Decision-Making Microprocessor Interfering Therewith."  The '244 patent

22    expired no later than June 4.

23            In November 2013, this action was reassigned to the undersigned judge.  On

24    December 12, defendant filed the instant motion to dismiss, noticed for February 6.  On

25    December 16, plaintiff filed an opposition requesting the motion be denied, or alternatively,

26    requesting leave to amend the complaint.  After a case management conference was held on

27    December 19, a case management order re-set the hearing on defendant's motion to dismiss to

28    January 9, 2014, set the non-expert discovery cutoff for November 12, and set the expert

      discovery cutoff for November 26.  The trial by jury begins March 2015 (Dkt. No. 33).

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation."

Apple moves to dismiss Logic Devices' allegations of inducement, contributory infringement, and willfulness. Despite the focused nature of Apple's motion to dismiss, Logic Devices devotes a substantial portion of its opposition to arguing that the complaint satisfies the pleading requirements under Form 18. But Form 18 has little bearing on allegations of inducement, contributory infringement, and willfulness. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336–67 (Fed. Cir. 2012). Logic Devices' reliance on *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007), as well as a string of non-binding decisions from other districts, is equally misplaced. *McZeal* did not involve inducement, contributory infringement, or willfulness. It also did not involve sophisticated entities. *McZeal* involved a *pro se* party for whom the direct infringement pleading requirements were relaxed.

**1.    INDUCEMENT.**

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. 271(b). Liability under Section 271(b) "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, — U.S. —, 131 S. Ct. 2060, 2068 (2011). To survive a motion to dismiss, the complaint must contain facts plausibly showing that defendant specifically intended their customers to infringe the '244 patent and knew that the customer's acts constituted infringement. *In re Bill of Lading*, 681 F.3d at 1339.

2

This order finds that Logic Devices' allegations, even when taken as a whole and in the light most favorable to plaintiff, fail to support an inference of specific intent to induce infringement and knowledge that the induced actions constituted infringement. Logic Devices alleges that "Apple directly and indirectly, has infringed and/or continues to infringe" the claims of the '244 patent (Compl. ¶ 17). Logic Devices further alleges:

> Upon information and belief, Apple indirectly infringes the '244 Patent by inducing infringement by others, such as programmers and developers, in accordance with 35 U.S.C. 271(b) because Apple actively induces infringement of the '244 Patent by others by their developing, programming, modifying, enhancing, updating, debugging and/or compiling versions of the iOS and/or other software or portions thereof for Apple.

(id. ¶ 21). Logic Devices prays for a judgment that Apple "induced the infringement of one or more of the claims of the '244 Patent." Other than identify who committed the alleged direct infringement (programmers and developers) and how (developing, programming, modifying, enhancing, updating, debugging and/or compiling versions of the iOS and/or other software or portions thereof), the complaint is devoid of any facts that Apple knew or should have known its activities would induce actions by others which constituted infringement of the '244 patent. Logic Devices' complaint cannot provide knowledge of the patent because the asserted patent expired no later than June 4, before this action was filed. The complaint is further devoid of any facts that Apple specifically intended that their programmers and developers infringe the '244 patent. That Apple can explore the basis for Logic Devices' inducement claim during discovery cannot save the operative complaint as pled. Accordingly, Apple's motion to dismiss the inducement claim is **GRANTED**.

> **2.      CONTRIBUTORY INFRINGEMENT.**

Logic Devices prays for a judgment that Apple contributorily infringed one or more of the claims of the '244 patent. Under 35 U.S.C. 271(c):

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable

3

United States District Court
For the Northern District of California

for substantial noninfringing use, shall be liable as a contributory
infringer.

To state a claim for contributory infringement, "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337.  Other than Logic Devices' prayer for relief, Logic Devices' complaint fails to allege any facts supporting a plausible inference of contributory infringement.  For example, the complaint is silent as to whether the accused products are capable of substantial non-infringing uses.  One sentence in the prayer for relief cannot suffice to allege contributory infringement.  Accordingly, Apple's motion to dismiss the contributory infringement claim is **GRANTED**.

### 3. WILLFULNESS.

Logic Devices prays for a judgment that Apple's infringement of the '244 patent has been willful.  To establish willful infringement:

> a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent . . . . If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  Logic Devices, of course, does not have to *prove* willfulness at the pleading stage.  The complaint, however, should allege more than a one-sentence prayer for willfulness relief.  Logic Devices' bald complaint is devoid of any allegation that Apple knew or should have known of an objectively high risk that its actions would result in infringement of a valid patent.  Accordingly, Apple's motion to dismiss the willfulness claim is **GRANTED**.

### 4. LEAVE TO AMEND.

In the opposition, Logic Devices states that it should be granted leave to amend the complaint.  "The court should freely give leave when justice so requires."  FRCP 15(a)(2).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, futility of amendment, etc.—the
leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Logic Devices' request, however, is premature because no proposed amended complaint has been filed and Logic Devices has yet to explain how deficiencies in the complaint could be cured.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED**, on the condition that plaintiff reimburse defendant for the expense (fees and costs) for this motion (reserving appellate rights).  The January 9 hearing is hereby **VACATED**.  Plaintiff may seek leave to amend the complaint and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion for leave to file an amended complaint.  The motion should be noticed on a normal 35-day track.  A proposed amended complaint (and a redline indicating the changes) must be appended to the motion.  The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein.  If such a motion to amend is made, then a supplemental order will explain the procedure for setting the expense to be reimbursed.  No motion to amend will be granted, however, until the expense is paid.

**IT IS SO ORDERED.**

Dated:   January 7, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

5