IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LOGIC DEVICES, INC.,

    Plaintiff,

  v.

APPLE INC.,

    Defendant.

No. C 13-02943 WHA

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

## INTRODUCTION

In this patent-infringement action, defendant moves for summary judgment of invalidity. For the reasons stated herein, the motion is **GRANTED**.

## STATEMENT

More than twenty years ago, Star Semiconductor allegedly developed a SPROC chip (*S*ignal *Proc*essor chip). It also developed a "development system," called "SPROClab," which was a graphical programming environment for SPROC chips. In October 1991, it filed U.S. Patent No. 5,287,511 ("the '511 patent"), titled "Architectures and Methods for Dividing Processing Tasks into Tasks for a Programmable Real Time Signal Processor and Tasks for a Decision Making Microprocessor Interfacing Therewith," which issued in February 1994 (Damstedt Exh. 2). Star Semiconductor became insolvent and plaintiff Logic Devices, Inc. eventually acquired Star Semiconductor's software development tools and intellectual property (Compl. ¶ 9, n.1).

The same day the '511 patent issued, Logic Devices filed a continuation application. That application issued as U.S. Patent No. 5,524,244 ("the '244 patent"), titled "System for Dividing

Processing Tasks into Signal Processor and Decision-Making Microprocessor Interfacing Therewith" (Damstedt Exh. 1). The '244 patent is the only asserted patent in our action. Both patents identified the same inventors, same prosecuting attorney, and same written description. The '511 patent expired on February 15, 2011 and the '244 patent expired on June 4, 2013.

On June 26, 2013, after both patents had expired, Logic Devices commenced this action against defendant Apple Inc. alleging direct infringement of the '244 patent and asserting damages within the limitations period. Logic Devices then served infringement contentions alleging direct infringement of only claim 6 (Dkt. No. 41-1). Logic Devices alleges that Apple's "operating system and other software used in [the] iPhone, iPod Touch, iPad, iPad Mini, and Apple TV devices" directly infringe. "Apple's use of these patented programming systems has allowed it to rapidly develop, program, modify, enhance, debug, update and compile the operating systems and other software for these Apple Products using only a fraction of the man-hours that otherwise would be required without these patented systems" (Compl. ¶ 12).

Now, Apple moves for summary judgment of invalidity. This order follows full briefing, a technology tutorial, and oral argument.

**ANALYSIS**

Apple argues that claim 6 in the '244 patent is invalid under the doctrine of "obviousness-type double patenting." Obviousness-type double patenting is a judicially-created doctrine intended to prevent a patentee from obtaining a timewise extension of an earlier-filed patent for the same invention or an obvious modification thereof. The Federal Circuit has called it an "important check on improper extension of patent rights through the use of divisional and continuation applications." *Boehringer Ingelheim Int'l GmbH v. Barr Labs., Inc.*, 592 F.3d 1340, 1346 (Fed. Cir. 2010). Obviousness-type double patenting prohibits claims in a later patent that are not "patentably distinct" from claims in a relevant earlier patent.

1.  **TERMINAL DISCLAIMER.**

A double-patenting rejection can sometimes be avoided by filing a terminal disclaimer. The terminal disclaimer, however, must be filed before the expiration of the relevant earlier patent. This was not done. The history was as follows.

1    The application for the asserted patent was filed in February 1994. In August 1994, the
2 examiner informed the prosecuting attorney that the "pending claims are rejectable under double
3 patenting" based on claims in the '511 patent (Damstedt Exh. 6 at LDI_003445–48).
4    At oral argument, counsel for Logic Device represented to the Court that the prosecuting
5 attorney agreed to file a terminal disclaimer "if necessary." Counsel was flat-out wrong.
6 Nowhere in the prosecution history did the prosecuting attorney include this caveat.
7    Instead, the prosecuting attorney stated the following in December 1994
8 (*Id*. at LDI_003455) (emphasis added):

> All of the claims stand rejected under the doctrine of obviousness-type double patenting in view of the claims in applicant's issued U.S. Patent Number 5,287,511. *The applicant offers to submit a terminal disclaimer upon the disposal of all other issues in the application.*
>
> In light of all of the above, it is submitted that the claims are in order for allowance, with the possible exception of the submission of a terminal disclaimer. *Upon notification that the claims are in such condition, the applicant will submit the proper terminal disclaimer*.

In June 1995, the prosecuting attorney again promised (*Id*. at LDI_003483) (emphasis added):

> In light of all of the above, it is submitted that the claims are in order for allowance, with the possible exception of the submission of a terminal disclaimer. *Upon notification that the claims are in such condition, the applicant will submit the proper terminal disclaimer.*

19 The asserted patent thereafter issued.
20    After this action was underway, Logic Devices filed a disclosure in our record
21 representing to the Court that "due to a Terminal Disclaimer," the asserted patent "expire[d] on
22 June 4, 2013" (Dkt. Nos. 41-1 at 2, 37-1 at 6). (To be correct, if a terminal disclaimer had been
23 timely filed, the asserted patent would have expired in February 2011.)
24    *No terminal disclaimer was filed, Logic Devices now admits* (Logic Devices RFA
25 Response No. 8). It is also now far too late to file a terminal disclaimer because the '511 patent
26 expired in February 2011. Logic Devices admits it made "an error."
27    Accordingly, no terminal disclaimer was timely filed. No terminal disclaimer can save
28 Logic Devices from the double patenting challenge.

3

### 2. DOUBLE PATENTING.

The double-patenting test is as follows. *First*, the court construes the claims in the earlier patent (claims 25 and 26 in the '511 patent) and the claims in the later patent (claim 6 in the '244 patent), and determines the differences. *Second*, the court determines whether those differences render the claims patentably distinct. A later claim that is not patentably distinct from, *i.e.*, is obvious over or anticipated by, an earlier claim is invalid for obviousness-type double patenting. *Sun Pharmaceutical Industries, Ltd. v. Eli Lilly & Co.*, 611 F.3d 1381, 1385 (Fed. Cir. 2010).

Claim 25 in the '511 patent stated:

> 25. Apparatus for defining access of a host processor which is interfaced with a programmable signal processor to permit the host processor to partially control the programmable signal processor, where the object codes of the host processor and the signal processor are separately compiled, and the programmable signal processor has a memory for storing the signal processor object code and data, said apparatus comprising:
>
>   a) high level programming means for defining processing tasks for the signal processor, said programming means including means for indicating host processor access to at least a portion of one of said processing tasks; and
>
>   b) signal processor program compiling means coupled to said high level programing means for generating the signal processor object code which implements said processing tasks, and for generating a memory address list for the host processor, said memory address list indicating memory addresses corresponding to the host processor access to said tasks indicated by said high level programming means, said memory address list being read or received by a host processor compiling means.

Claim 26 in the '511 patent stated (emphasis added):

> 26. Apparatus according to claim 25, wherein:
>
>   said processing tasks include at least one function having a parameter and said host processor access includes supplying a value for said parameter.

Claim 6 in the '244 patent (the only asserted claim) states:

> 6. Apparatus for defining host processor access to tasks of a programmable signal processor, signal processor having a memory, wherein programs for said signal processor and said host processor are separately compiled, said apparatus comprising:
>
>   a) high level programming means for defining said tasks for said signal processor as a plurality of functional blocks, each said functional block comprising at least one aspect selected from the

4

>group of aspects consisting of a parameter, a function, an input, and an output, said high level programming means including means for identifying at least one of said functional block aspects of at least one of said functional blocks to be accessed by said host processor;
>
>b) signal processor program compiler means coupled to said high level programming means for generating program code implementing said tasks, and for generating a list of memory locations of said code implementing said functional block aspects identified as accessible by said host processor.

This order finds that any differences between claims 25 (and 26) and claim 6 do not render the claims patentably distinct. Indeed, in opposition, the only difference Logic Devices timely raised was as follows (Von Herzen Decl. ¶ 20) (emphasis added):

>[Defendant and Dr. Goldberg] ignore the distinctions between the claims. In particular, *Claim 6* of the '244 patent is different and broader and *covers functional block aspects including parameters, functions, inputs and outputs*. Dependent Claim 26 of the '511 patent, on the other hand, covers only a function with a parameter. Functional block aspects were also missing from the '511 prior art including inputs and outputs, for example.

In Logic Devices' view, the difference was that claim 26 covered "only a function with a parameter" whereas claim 6 reaches "parameters, functions, inputs and outputs." Where claim 6 states "at least one aspect selected from the group of aspects consisting of *a parameter, a function, an input, and an output*" (emphasis added), claim 26 stated "processing tasks include at least one function having a *parameter*" (emphasis added). This difference does not save the day because it is firmly established that a later genus claim is not patentably distinct from an earlier species claim. *Geneva Pharm., Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373, 1384 (Fed. Cir. 2003). "[T]he earlier species renders the later genus claims invalid under non-statutory double patenting." *Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1374 (Fed. Cir. 2005). No other differences were timely raised by Logic Devices and this order finds that no other differences render the claims patentably distinct.

None of Logic Devices' other arguments in its opposition is persuasive. *First*, counsel for Logic Devices argues that summary judgment should be deferred under Rule 56(d). Not so. Invalidity for double patenting is a question of law. Moreover, Logic Devices fails to articulate "specified reasons" why it cannot present "facts essential to justify its opposition." Logic Devices only vaguely complains that it has not yet deposed Dr. Benjamin Goldberg (Apple

5

submitted his declaration in support of the instant motion) or the prosecuting attorney for the asserted patent. Logic Devices admits that "Plaintiff has not taken any discovery on the 'double patenting' issue" (Opp. 13). How this vague proposed discovery would generate facts essential to opposing the instant motion is hard to see. In any event, Logic Devices cannot stall summary judgment when the relevant issue is a question of law and its failure to take the so-called outstanding discovery is one of its own making.

Logic Devices commenced this action well over a year ago in June 2013. Apple served its invalidity contentions in February 2014, stating that the claims in the '511 patent rendered claim 6 invalid "under the doctrine of obviousness-type double patenting" (Damstedt Exh. 9). Apple also served a series of requests for admission and interrogatories in February 2014 regarding double patenting. Counsel for Apple then sent an email to plaintiff's counsel stating that the "asserted claim is invalid for obviousness-type double patenting" (Damstedt Exh. 14). After the majority of the discovery period had run out, Apple moved for summary judgment. No good cause has been proffered for Logic Devices' failure to pursue the vague discovery now referenced. Logic Devices' argument is further undermined by the discrete legal issue raised herein. Accordingly, Logic Devices' request to delay a ruling pursuant to Rule 56(d) is **DENIED**.

*Second*, Logic Devices cannot dodge an invalidity ruling merely because it now believes that the examiner "agreed to withdraw" a Section 103 rejection. The two pages from the prosecution history of the asserted patent cited by Logic Devices do not respond to the obviousness-type double patenting problem (Damstedt Exh. 6). LDI_003500, the examiner's interview notes, stated: "Applicant further argued the 103 rejections and pointed out claimed elements which are missing from the prior art. *The examiner agreed to withdraw the 103 rejections*" (emphasis added). (A Section 103 rejection is not the same as a double patenting rejection.) LDI_003501 was a notice of allowability. Neither document stated that the examiner withdrew the double patenting challenge. Indeed, the claims were previously rejected for double patenting but the applicant represented that it would file a terminal disclaimer upon "disposal of all other issues in the application." On at least two occasions, the prosecuting attorney promised that upon "notification that the claims are in such [allowable] condition, *the applicant will submit*

6

*the proper terminal disclaimer*" (emphasis added). No terminal disclaimer was filed, Logic Devices now admits. Accordingly, none of the reasons raised by Logic Devices warrants saving it from the serious double patenting problem.

After summary judgment briefing was complete, a technology tutorial was set. At the tutorial, Logic Devices — for the first time — drew a distinction between what it deemed "call by value" versus what it deemed "call by reference." Logic Devices argued, not under oath, that "call by value" enabled the host processor to directly convey parameter values to the signal processor, whereas "call by reference" enabled the host processor to indirectly access parameters, functions, inputs, and outputs. In Logic Devices' view, the '511 patent used "call by value" whereas the '244 patent uses "call by reference." Neither phrase appears in the asserted patent.

This was sandbagging. Logic Devices should have put forth all of its best case in its opposition brief so that Apple could have had an opportunity to rebut this argument now belated raised. Logic Devices also should not have used a technology tutorial to introduce a new summary judgment argument. The untimely argument is rejected on this ground.

Nevertheless, even considering the new argument, it still fails. The distinction between what Logic Devices deems "call by value" and what it deems "call by reference" is artificial (assuming *arguendo* that it applies). This order finds that the distinction now drawn does not render the claims patentably distinct. "Call by reference" is only an obvious modification of "call by value" insufficient to justify the twenty-eight month extension improperly acquired. Claim 6 is invalid for obviousness-type double patenting. This order so finds.

## CONCLUSION

For the reasons stated herein, Apple's motion for summary judgment of invalidity is **GRANTED**. Claim 6 is **INVALID**. Judgment shall issue in a separate order.

**IT IS SO ORDERED.**

Dated: October 16, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7