IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIC DEVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | No. C 13-02943 WHA <br><br><br><br><br> **ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS** |

## INTRODUCTION

In 1952, Congress codified a fee-shifting provision in Section 285 of the Patent Act, which states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." In the past, the Federal Circuit required clear and convincing evidence of "material inappropriate misconduct related to the matter in litigation" or that the litigation was both brought in "subjective bad faith" and was "objectively baseless." *Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). This "overly rigid" test was abrogated in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, — U.S. —, 134 S. Ct. 1749, 1756 (2014).

In *Octane*, the Supreme Court stated:

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

1  Entitlement to fees under Section 285 is a "discretionary inquiry" that does not require clear and
2  convincing evidence. *Id*. at 1758. Since the entitlement determination is informed by the district
3  judge's unique insight into the manner in which the case was litigated, it is reviewed for abuse of
4  discretion. *Highmark Inc. v. Allcare Health Management System, Inc.*, — U.S. —, 134 S. Ct.
5  1744, 1749 (2014). Ideally, of course, attorney's fees should not result in a second major
6  litigation, meaning that the parties should make a good faith effort to settle the fee dispute.
7  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Both sides should be reasonable.

Now that this action has concluded with summary judgment of invalidity, defendant moves for $465,190 in attorney's fees and $14,154.29 in non-taxable costs from plaintiff. For the reasons stated herein, defendant is *entitled* to recover reasonable attorney's fees and non-taxable costs from plaintiff. To that extent, the motion is **GRANTED**. An order setting forth the special master procedure to determine the *amount* will be issued soon.

## STATEMENT

U.S. Patent No. 5,287,511 ("the '511 patent") issued on February 15, 1994. That day, the application for what became U.S. Patent No. 5,524,244 ("the '244 patent") — the only asserted patent — was filed.

In August 1994, while prosecution of the asserted patent was underway, the examiner informed the prosecuting attorney that the "pending claims are rejectable under double patenting." The prosecuting attorney responded (Dkt. No. 62) (emphasis added):

> All of the claims stand rejected under the doctrine of obviousness-type double patenting in view of the claims in applicant's issued U.S. Patent Number 5,287,511. *The applicant offers to submit a terminal disclaimer upon the disposal of all other issues in the application*.
>
> In light of all of the above, it is submitted that the claims are in order for allowance, with the possible exception of the submission of a terminal disclaimer. *Upon notification that the claims are in such condition, the applicant will submit the proper terminal disclaimer*.

The asserted patent eventually issued. The '511 patent expired on February 15, 2011, and the asserted patent expired on June 4, 2013.

*United States District Court*
For the Northern District of California

2

After failed efforts to sell its patent and after the asserted patent expired, plaintiff Logic Devices, Inc. commenced this action against defendant Apple Inc. The only counsel of record for Logic Devices was Attorney Richard Farkas, a solo practitioner with "approximately thirty-five years" of legal experience. He was a computer programmer with a "focus on technology and computer issues in [his] law practice, with clients in the computer and software industries" (Farkas Decl. ¶¶ 3, 4, 11, 12). *No other counsel ever made an appearance in this action on behalf of Logic Devices*.

The complaint for patent infringement alleged that Apple infringed the asserted patent "directly and indirectly." The complaint showed only Attorney Farkas' signature, although he has recently admitted that another firm, Hunton & Williams LLP, "drafted the complaint in this case." The other firm, for "reasons unrelated to Logic Devices or the merits of its patent claims . . . was unable to file the Complaint it had drafted," so Attorney Farkas filed it (Farkas Decl. ¶¶ 13, 16).

Attorney Farkas then waited nearly four months to serve Apple with the summons and complaint because he "anticipate[d] associating specialized patent counsel" (Dkt. Nos. 9, 11). No "specialized patent counsel" ever appeared in the case. The action was subsequently reassigned to the undersigned judge in November 2013. The claims in the asserted patent were invalid and not infringed, Apple stated in the parties' joint case management, filed in December 2013 (Dkt. No. 21).

In January 2014, Logic Devices served initial disclosures, which stated that "the range of reasonable royalties that may be available to Logic Devices is from $130.4 million to possibly as much as *$977.3 million*" (Viswanath Decl. Exh. 1) (emphasis added). These contentions were "based, in large part, on extensive analyses prepared by Hunton & Williams with evaluations prepared by independent technical, patent, and damages experts," Attorney Farkas recently said (Farkas Decl. ¶ 18). *Nothing from Hunton & Williams was submitted in this record*. No memorandum from Hunton & Williams was submitted or otherwise revealed herein, so as far as can be determined now, those "analyses" may contradict the conclusory representations recently made by plaintiff's counsel.

3

Logic Devices then served infringement contentions. Logic Devices only charted claim 6 and the "Apple iPhone." The chart was three pages. Logic Devices stated that the asserted patent "due to a Terminal Disclaimer, expire[d] on June 4, 2013" (Dkt. No. 41-1). The contentions were silent as to indirect infringement and willfulness.

A January 2014 order granted Apple's motion to dismiss the indirect infringement and willfulness allegations. Logic Devices was warned that it could be liable for reimbursing Apple for reasonable fees and expenses incurred for the motion to dismiss (Dkt. No. 36). Apple filed an answer to the complaint, which included the defense of invalidity under "the doctrine of obviousness-type double-patenting" (Dkt. No. 39).

Logic Devices then moved for leave to file a first amended complaint to add new indirect infringement, willfulness, and direct infringement allegations. In pertinent part, the proposed first amended complaint alleged that the asserted patent "due to a *Terminal Disclaimer*, expired on June 4, 2013" (Dkt. No. 37-1) (emphasis added). "This language came directly from a patent analysis memorandum that had been provided by Hunton & Williams," Attorney Farkas recently said. Again, no "analysis memorandum" was ever filed in this record. The proposed indirect infringement and willfulness allegations again fell short, but Logic Devices was permitted to add the proposed direct infringement details, on the condition that it reimburse Apple for reasonable fees and expenses incurred for the first motion to dismiss. Logic Devices never reimbursed Apple, electing instead to "proceed on Plaintiff's original Complaint" (Farkas Decl. ¶¶ 17, 23).

In February 2014, Apple served invalidity contentions alleging a number of grounds for invalidity, including the "doctrine of obviousness-type double patenting" (Dkt. No. 62-3). Apple also served interrogatories, seeking the "legal and factual basis for [Logic Devices'] contention, if any, that the Asserted Claims of the [asserted patent] are not invalid for double patenting" and a request for production, seeking "any alleged terminal disclaimer made with respect to the Patent-in-Suit" (Dkt. Nos. 62-2, 80-3). Apple also sent Attorney Farkas an email, dated February 19, 2014, which stated (Dkt. No. 62-4):

> [Logic Devices'] infringement contentions asserted that a terminal disclaimer was made for the [asserted] patent. We haven't seen a copy of any terminal disclaimer and aren't aware of any having been filed with the PTO with respect to the [asserted] patent.

4

> Given that you appear to disagree, please send us a copy of the terminal disclaimer that you mentioned in your contentions.

In April 2014, Apple again raised the double-patenting issue in an email to Attorney Farkas, which stated (Dkt. No. 62-7):

> [Logic Devices'] asserted claim is invalid for obviousness-type double patenting . . . . no terminal disclaimer was ever filed . . . .
>
> Given these facts, [Logic Devices] has no good faith basis to continue the suit. Indeed, we see no facts suggesting that [Logic Devices] ever had a good faith basis to file the suit in the first instance. To avoid the unnecessary expenditure of fees in moving for summary judgment of invalidity, Apple requests that [Logic Devices] dismiss its case with prejudice.

Attorney Farkas replied (emphasis added):

> My written statements concerning the terminal disclaimer on the [asserted] patent were based on information I received prior to the filing of the complaint, and *may have been erroneous, perhaps derived from a different patent* . . . . In any event, I do not believe that it follows that "[Logic Devices'] asserted claim is invalid," as you state.

Logic Devices then failed to comply with our patent local rules. It (a) failed to timely exchange proposed phrases for construction, (b) failed to timely exchange proposed constructions, and (c) failed to timely provide any evidence in support of its proposed constructions. Only after an order to show cause issued did Attorney Farkas provide Logic Devices' support for its proposed constructions. He then "apologized" for violating the local rules and stated that he "did not properly appreciate . . . the necessary adherence to the timing mandated by Patent Local Rules 4-1 and 4-2, particularly since [his] client ha[d] not yet formally retained its patent expert" (Dkt. No. 50).

After this lawsuit had been pending for nearly a year, Logic Devices finally admitted that *no terminal disclaimer had been filed for the asserted patent* (Dkt. No. 62-1, Logic Devices RFA Response No. 9). Nevertheless, the parties were unable to reach a settlement before the magistrate judge.

With only a few months remaining in the fact discovery period, Apple moved for summary judgment of invalidity under the doctrine of obviousness-type double patenting. Logic Devices opposed. Attorney Farkas sought to delay a ruling because he had taken no discovery on

5

1   the double-patenting issue and zero depositions. He further stated in a declaration, dated
2   September 2, 2014, that "[m]ost of my recent efforts" have been "focused on preparation for
3   [another] out-of-state trial" (Farkas Decl. ¶¶ 6, 7). A notice of settlement was filed in that other
4   action in Arizona on September 3, and it was dismissed on September 4 (Viswanath Exhs. 3–4).

After summary judgment briefing was complete, a technology tutorial was set. At the tutorial, Logic Devices — for the first time — drew a distinction between what it deemed "call by value" versus what it deemed "call by reference." Neither phrase appeared in the asserted patent. This was sandbagging, Apple objected.

At the summary judgment hearing, Attorney Farkas admitted that he was "incorrect" and "inaccurate" regarding whether a terminal disclaimer had been filed and that his representations were in "error." He then tried to have a *non-attorney* (expert witness) argue summary judgment. This would have been improper so Attorney Farkas argued the hearing. Attorney Farkas argued, *inter alia*, that a continuance was needed so "that these issues can be further developed" (Oct. 16 Hr'g. Tr. 9, 23, 35). An October 2014 order granted summary judgment of invalidity. Judgment was entered in favor of Apple.

The parties then met-and-conferred regarding fees and costs but were unable to resolve their dispute. Apple then timely moved for $465,190 in attorney's fees and $14,154.29 in non-taxable costs against Logic Devices. This order follows full briefing and oral argument.

**ANALYSIS**

The parties agree that Apple was the "prevailing party." Where the parties disagree is whether this is an "exceptional case" and the extent of any award. Again, an "exceptional" case is one that stands out from the others with respect to the substantive strength of a party's litigating position or the unreasonable manner in which the case was litigated. *Octane*, 134 S. Ct. at 1756.

This is an exceptional case because of the unreasonable manner in which it was litigated. In pertinent part, counsel for Logic Devices blindly adopted and filed a complaint drafted (but not filed) by another firm, waited four months before serving Apple, misrepresented that a terminal disclaimer had been filed when no such terminal disclaimer existed, demanded $977.3 million in reasonable royalties, ignored Apple's repeated warnings about the invalidity of the only timely-

6

1 asserted claim based on the doctrine of obviousness-type double patenting, failed to comply with several patent local rules, waited nearly a year into the lawsuit to finally admit that no terminal disclaimer had been filed, and sandbagged Apple at the tutorial by introducing a new, untimely "distinction" based on phrases not appearing in the asserted patent. (It is also worth noting that plaintiff's counsel requested a continuance of the summary judgment ruling so that he could take discovery even though he took zero depositions during the eleven-month discovery period.)

This is also an exceptional case because it stands out from the others with respect to the substantive strength of Logic Devices' litigation position. Logic Devices' validity position was unsupported by the record, especially given that no terminal disclaimer was ever filed (a fact it should have known before the lawsuit was filed) and its expert witness only opined that the asserted claim was "different and broader" than the claims in the earlier '511 patent. *Perricone v. Medicis Pharmaceutical Corporation*, 432 F.3d 1368, 1374 (Fed. Cir. 2005). Moreover, even though infringement was never reached, this order has serious questions about how Logic Devices could have possibly gone to a jury on infringement and damages when it took zero depositions and "little discovery" (Farkas Decl. ¶ 31). Indeed, Logic Devices' infringement contentions only speculated that certain elements in the asserted claim were "likely to be infringed," even though it demanded reasonable royalties of "as much as $977.3 million" (Dkt. Nos. 41-1, 80-2).

Considering the totality of circumstances, this order finds that this action was litigated in a wholly unreasonable manner and it stands out from the others with respect to the substantive strength of Logic Devices' litigation position. This is an exceptional case.

## CONCLUSION

To the extent stated herein, Apple's motion for attorney's fees and non-taxable costs is **GRANTED**. An order setting forth the special master procedure to determine the amount due will be issued soon.

**IT IS SO ORDERED.**

Dated: December 4, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE